**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CIVIL ACTION NO. 21-88-DLB-EBA**

**BIG SANDY COMPANY, L.P.**                                                           **PLAINTIFF**

**v.**                          <u>**MEMORANDUM ORDER**</u>

**AMERICAN CARBON CORPORATION**                                  **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon Plaintiff Big Sandy Company, L.P.'s Motion for a Charging Order pursuant to Kentucky Revised Statute ("K.R.S.") § 275.260 against the interest of Defendant American Carbon Corporation ("ACC") in McCoy Elkhorn Coal LLC, Knott County Coal LLC, Deane Mining LLC, and Perry County Resources LLC (collectively, the "ACC Subsidiaries"). (Doc. # 99). Defendant having filed its Response (Doc. # 104), and Plaintiff having filed its Reply (Doc. # 108), the Motion is now ripe for review. For the following reasons, Plaintiff's Motion is **granted**.

**I.  PROCEDURAL HISTORY**

On November 16, 2023, the Court entered an Order granting summary judgment in favor of Plaintiff on each of its breach of contract claims and referring the remaining issue of damages to Magistrate Judge Edward B. Atkins to prepare a report and recommendation. (Doc. # 52). On June 12, 2024, the Court subsequently adopted the Report and Recommendation entered by Magistrate Judge Atkins (Doc. # 85), entering Judgment against Defendant. (Docs. # 94 and 95). With respect to Count 1, failure to

1

pay Minimum Annual Royalties in violation of § 4.7 of the lease, the Court ordered final judgment in the amount of $1,083,000.00, with $1,306,112.76 in pre-judgment interest, for a total of $2,389,112.76.  (Doc. # 95 at 1).  With respect to Count 2, failure to pay unmined mineral taxes in violation of § 3.16 of the lease, the Court ordered final judgment in the amount of $9,428.23, with $12,865.75 in pre-judgment interest, for a total of $22,293.98.  (*Id*.).  With respect to Count 3, failure to diligently mine under § 3.2 of the lease, the Court ordered final judgment in the amount of $21,039,400.43.  (*Id*. at 2).  Finally, Plaintiff was awarded attorneys' fees in the amount of $374,375.00 and costs in the amount of $55,803.04.  (*Id*.).

Plaintiff now requests the Court enter a charging order constituting a lien on and the right to receive distributions made with respect to Defendant's interests in the ACC Subsidiaries pursuant to K.R.S. § 275.260.  (Doc. # 99).  Plaintiff argues that because Defendant remains liable to Plaintiff, Plaintiff has a statutory right under § 275.260 to charge Defendant's interests in any limited liability companies in which Defendant has an interest, more specifically, in the ACC Subsidiaries.  (*Id*.).  Moreover, Plaintiff notes that a charging order is an appropriate remedy because Defendant has not filed a supersedeas bond to stay enforcement of the judgment entered by this Court.  (*Id*.).

Defendant raises two arguments in opposition.  First, Defendant argues that the ACC Subsidiaries are not registered in Kentucky and are therefore not subject to K.R.S § 275.260. (Doc. # 104).  Second, Defendant objects to the issuance of a charging order which gives Plaintiff priority or preference over other creditors without first proving notice and an opportunity to be heard by the effected entities.  (*Id*.).  The Court considers each argument in turn.

## II.  ANALYSIS

### A.  Enforcement of a charging order

Federal Rule of Civil Procedure 69(a)(1) contemplates that execution procedures "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Therefore, where state law provides for such enforcement, the United States may enforce the same.  *See United States v. St. Germain*, 363 F. Supp. 2d 1293, 1297 (D. Colo. 2005) ("Consequently, if the state law of Colorado permits the enforcement of a civil judgment through claims for declaratory judgment and constructive trust, the United States may enforce the restitution order in a similar manner.").

Kentucky's charging order statute, K.R.S. § 275.260, is the Commonwealth's "statutory and exclusive remedy by which a judgment debtor's interest in a limited liability company may be charged with payment of an unsatisfied portion of a judgment."  *Vance v. Spring Hill Signs, LLC*, No. 2013-ca-1264, 2015 WL 1636832, at *3 (Ky. Apr. 10, 2015). Pursuant to K.R.S § 275.260(2), a court may appoint a receiver over all "distributions due or to become due to the judgment creditor" and make "all other orders, directions, accounts, and inquiries . . . the circumstances of the case may require to give effect to the charging order."  A charging order is thus construed as a lien on the judgment debtor's interest in, and right to receive, distributions from the limited liability company until the judgment is satisfied.  K.R.S § 275.260(3).  Therefore, the Court has the authority to issue a charging order pursuant to K.R.S. § 275.260.

### B. Defendant's first argument is rejected.

Defendant's first argument is underdeveloped at best. In its entirety, the argument states,

> ACC objects to the Plaintiff's motion as all of the affected entities are not registered in Kentucky and therefore not subject to KRS 275.260. ACC is an Indiana corporation, McCoy Elkhorn Coal, LLC ("MEC") and Perry County Resources, LLC ("PCR") are Indiana limited liability companies and Deane Mining, LLC ("DEM") and Knott County Coal, LLC ("KCC") are Delaware limited liability companies. Pursuant to KRS 275.260(2) the proper jurisdiction for which the Plaintiff should make its motion for charging orders is Indiana, once the Court's June 12, 2024 Judgment is certified and registered in that state.

(Doc. # 104 at 1).

As best the Court can understand, the Defendant argues that the Court is not one of "competent jurisdiction" as contemplated by K.R.S. § 275.260(2). However, outside of stating that the ACC Subsidiaries are not Kentucky limited liability companies, the Defendant does not explain *why* this Court does not have jurisdiction over the ACC Subsidiaries. While the Court is not inclined to conduct a more thorough analysis into potential jurisdictional issues where the parties have not briefed such,[1] the Court will nevertheless briefly address the merits.

As noted, the Court understands Defendant to argue that this Court is not one of "competent jurisdiction" pursuant to K.R.S. § 275.260(2) because none of the ACC Subsidiaries are registered in Kentucky. It is unclear whether the Defendant is arguing this court lacks personal jurisdiction over the ACC Subsidiaries, or whether K.R.S. §

---

[1] *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995))).

4

275.260 does not permit this Court to enter a charging order against a member's interest in a foreign LLC.  Regardless of which argument the Defendant is attempting to assert, both are futile.

While not explicitly mentioned by the Defendant, given the fact that the Defendant merely states the Court lacks "jurisdiction," the Court will provide a brief analysis into a possible personal jurisdiction argument.  With respect to such an argument, this Court would have personal jurisdiction over the ACC Subsidiaries despite the fact that they are not parties to the present action.  While Kentucky authority is lacking, courts in other states have repeatedly found that a court may issue a charging order so long as that court has personal jurisdiction over the member.  For example, in *Vision Mktg. Res., Inc. v. McMillion Grp., LLC*, the court, noting that the LLC in question was not a party to the action, was not registered to do business in Kansas, nor had any other connection to the state outside of the member being sued, nevertheless held that it "need not have jurisdiction over the LLC entity itself in order to issue a charging order, when it has jurisdiction over the LLC member because the LLC has no right or direct interest affected by the charging order."  No. 10-2252, 2015 WL 4390071, at *4 (D. Kan. July 15, 2015). Other courts have echoed similar lines of reasoning.[2]  *See Vance v. Spring Hill Signs, LLC*, No. 2013-ca-001264, 2015 WL 1636832, at *4 (Ky. App. Apr. 10, 2015) (noting that pursuant to K.R.S. § 275.260(2) an argument that the court lacked jurisdiction over non-

---

[2]  Additionally, other courts faced with a personal jurisdiction argument have declined to address the merits at all.  Specifically, some courts have noted that any attempt by a party to assert a lack of personal jurisdiction on behalf of a non-objecting third party will be rejected for lack of standing.  *See Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. Mar. 6, 2012) ("Given the individual nature of this right, many courts have found that a defendant lacks standing to raise absence of personal jurisdiction on behalf of proposed co-defendants.").  Therefore, the Court could reject Defendant's jurisdiction argument on lack of standing grounds as well.

party LLCs was without merit); *Bank of Am., N.A. v. Freed*, 983 N.E.2d 509, 522 (Ill. App. Ct. 2012) (finding that the court had jurisdiction because "a court only needs to have jurisdiction over the judgment debtor to enter charging orders against the judgment debtor's interest."); *Oberg v. Lowe*, No. 20-2055, 2021 WL 495043, at *2 (D. Kan. Jan. 4, 2021) ("[T]he Court continues to have jurisdiction over both Plaintiff and Defendant, including jurisdiction to enter a charging order [] against any of Defendant's interest in the 19 enumerate limited liability companies."). Therefore, because this Court maintains jurisdiction over Defendant, the Court has the authority to enter a charging order against Defendant's interest in the non-party LLC.

Turning to the second potential argument, any attempt to assert that K.R.S. § 275.260 does not apply to a foreign LLC also fails. Defendant argues that pursuant to K.R.S. § 275.260(2) the Court lacks jurisdiction to issue a charging order because the ACC Subsidiaries are "not registered in Kentucky."[3] (Doc. # 104 at 1). The Court understands the Defendant to mean that because none of the ACC Subsidiaries are Kentucky-formed LLCs, but two of the four are Indiana LLCs, Indiana is the proper jurisdiction.[4] Similar to the above analysis, Kentucky authority is lacking with respect to the reach of K.R.S. § 275.260. Thus, the Court again looks to other district courts for guidance, which like Kentucky, have based their state statutes on the Uniform Limited Liability Company Act.

---

[3]  As an aside, Defendant is incorrect. A Kentucky Secretary of State Business Entity Search reveals that all four of the ACC Subsidiaries have a registered agent and are in good and active standing in the Commonwealth. *See Secretary of State, Kentucky*, *Business Entity Search*, https://web.sos.ky.gov/bussearchnprofile/search.aspx (last visited Dec. 30, 2024). The Court will thus construe Defendant to mean the ACC Subsidiaries are not "Kentucky-formed."

[4]  The Court notes that the Defendant fails to elaborate why a Kentucky court would not have jurisdiction over the two Delaware LLCs, but an Indiana court would have such jurisdiction.

6

In *Vision Mktg.,* the district court analyzed the reach of the Kansas charging order statute to foreign LLCs. 2015 WL 4390071, at *5. The court reasoned that "the purpose of a charging order . . . is to execute or collect upon a judgment," and that "[l]imiting the issuance of charging orders under [the Kansas statute] to judgment debtor interests in Kansas-formed LLCs would . . . significantly hinder a judgment creditor in Kansas from attempting to collect its judgment from a debtor with interests in foreign LLCs." *Id*. at 6. The court went on to state that such a restriction would force a judgment creditor "to investigate where each LLC was formed and seek a charging order against the debtor's interest in each of those states" which was likely not the legislatures intention. *Id*.; *see also Sec. and Exch. Comm'n v. Brogdon*, No. 15-8173, 2021 WL 2802153, at * 7 (D. N.J. July 2, 2021) (limiting a charging order to only in-state LLCs "would hobble litigants' ability to collect on judgments by requiring that they travel all over the country to obtain charging orders in every state where there is an LLC in which a judgment debtor [] might have a transferable interest."); *German American Capital Corporation v. Morehouse*, No. GJH-13-296, 2017 WL 3411941, at *1 (D. Md. Aug. 4, 2017) ("[T]he Court concludes that the charging statute does provide for the enforcement of a charging order against a foreign limited liability corporation[.]"); *Williams v. Estates LLC*, No. 1:19-cv-1076, 2022 WL 3226659, at *3 (M.D. N.C. Aug. 10, 2022) (finding that there was no language in the North Carolina statute barring the courts from applying a charging order as to foreign LLCs.); *Rockstone Capital, LLC v. Mktg. Horizons, LTD*, No NNH-cv-065006818, 2013 WL 4046597, at *3 (Conn. Super. Ct. July 17, 2013) ("This court finds no constraints in [the Connecticut statute] which limit its application solely to domestic limited liability companies.").

Although the cases cited above are not binding precedent, the Court agrees with the rationale expressed in them. Therefore, the Court has the requisite jurisdiction needed to issue a charging order against the Defendant's interests in the ACC Subsidiaries. For all of the above stated reasons, Defendant's first proffered argument is **rejected**.

### C.    The Charging Order acts as an ordinary lien.

Defendant's second argument is similarly lacking in development, simply stating,

> ACC would also object to the issuance of any charging orders which give the Plaintiff any priority or preference over other creditors, lien holders or holders of security interests, assets or other property of MEC, PCR, DEM and/or KCC. Any attempt by the Plaintiff to obtain a priority position in front of other creditors, lien holders or holders of security interests would be improper, without first proving notice and an opportunity to be heard by the affected entities.

(Doc. # 104 at 1-2).

Defendant misconstrues the purpose and effect of a charging order. K.R.S. § 275.260(3) explicitly states that "[a] charging order constitutes a lien on and the right to receive distributions made with respect to the judgment debtor's limited liability company interest. A charging order does not of itself constitute an assignment of the limited liability company interest." Therefore, a charging order acts as an ordinary lien on the right to receive distributions from limited liability companies. Neither the statute itself, nor any relevant Kentucky or Sixth Circuit case law, indicates that the entering of an ordinary charging order gives a plaintiff priority over a judgment debtor's other creditors or lienholders. That this particular charging order may give Plaintiff priority over ACC's other creditors or lienholders is not for this Court to determine—such priority issues are typically reserved for bankruptcy court. Additionally, a hypothetical priority dispute in the future is

8

not sufficient reason to prohibit the Court from entering such an order. Therefore, Defendant's second proffered argument is **rejected**.

## III. CONCLUSION

For all the reasons stated above, Defendant ACC's arguments in opposition to the charging order are rejected. Moreover, pursuant to K.R.S. § 275.260 the Court has the authority to issue a charging order against the interest of Defendant in the ACC Subsidiaries. Accordingly,

**IT IS ORDERED** as follows:

(1) Plaintiff's Motion for a Charging Order (Doc. # 99) is **GRANTED**;

(2) The interests of Judgment Debtor, ACC, in the ACC Subsidiaries are charged with the unpaid balance of the judgment in favor of the Plaintiff in this case in the amounts of: $2,389,112.76 (Count I); $22,293.98 (Count II); $21,039,400.43 (Count III); and attorneys' fees of $37,375.00 and costs in the amount of $55,803.04, bearing interest post-judgment at the rate permitted under federal law.

(3) This Charging Order constitutes a lien on and the right to receive distributions made with respect to ACC's interests in the ACC Subsidiaries.

(4) If and/or when McCoy Elkhorn Coal LLC, Knott County Coal LLC, Deane Mining LLC, and/or Perry County Resources LLC are authorized and/or required to make any distributions to ACC, they are to immediately inform Plaintiff, via counsel of record, in writing, not later than three (3) business days after the distribution is authorized and/or required.

(5) If and/or when McCoy Elkhorn Coal LLC; Knott County Coal LLC; Deane Mining LLC; and/or Perry County Resources LLC is authorized and/or required to make

any distributions to ACC including, but not limited to, distributions resulting from the sale of any real and/or personal property owned, possessed and/or controlled by an ACC Subsidiary to ACC on account of its respective interests, said ACC Subsidiary shall and is ordered and directed to pay the entire and full amount of the distribution to Plaintiff within the time provided in the respective operating agreement(s), and if not specified, not later than three (3) business days after the distribution is authorized and/or required, until the Judgment has been satisfied in its entirety.

(6)     This Charging Order shall remain binding upon the ACC Subsidiaries until further action of this Court.

(7)     The ACC Subsidiaries shall not divert any money or property due or to become due to any other individual or entity.

(8)     Defendant and the ACC Subsidiaries shall immediately advise the Plaintiff if they join, acquire, or form any new limited liability companies or reinstate any previous limited liability companies.

(9)     The Plaintiff shall be deemed to have served the Charging Order on the ACC Subsidiaries by providing a copy of the order to its Registered Agent at its registered office.  Upon entry of the Charging Order, Plaintiff shall file evidence of service of the charging Order on the Defendant and the ACC Subsidiaries indicating the manner and date of service. This Order is final, there being no just cause for delay.

This 30th day of December, 2024.



Signed By:
*David L. Bunning*
**United States District Judge**